The Honorable Paul L. Friedman

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MUBARK HUSSEIN,<br>   Also known as Mohammad Mubarak,<br>   ISN #151<br>   Detainee,<br>   Guantanamo Bay Naval Station<br>   Guantanamo Bay, Cuba;<br><br>ABDUL-SALAM GAITHAN MUREEF AL-SHIRY,<br>   As the Next Friend of the above-named Petitioner,<br><br>         Petitioners,<br><br>         v.<br><br>GEORGE W. BUSH,<br>   President of the United States, *et al.*,<br><br>         Respondents. | NO. 1:05CV02467<br><br>MOTION FOR EXPEDITED ENTRY OF<br>THE PROTECTIVE ORDER |

**MOTION FOR EXPEDITED ENTRY OF THE PROTECTIVE ORDER**

Petitioner Mubark Hussein (also known as Mohammad Mubarak, ISN #151) acting

on his own behalf and through his Next Friend Petitioner Abdul-Salam Gaithan Mureef Al-Shiry, (collectively, "Petitioners"), and through his undersigned counsel, respectfully requests that the Court immediately enter the Amended Protective Orders first entered by Judge Green in the *In re Guantanamo Detainee Cases* and since entered in related *habeas* proceedings before this Court (the "Protective Order"). *See, e.g., Algatele v. Bush,* No. 05-1669 (RWR)(D.D.C. Nov. 1, 2005)(dkt. No. 3); *Al-Rubaish v. Bush,* No. 05-1714 (RWR) (D.D.C. Nov. 1, 2005)(dkt. No. 3); *Hamoud v. Bush,* No. 05-1894 (RWR) (D.D.C. Nov. 1, 2005)(dkt. No. 3); *Adem v. Bush,* No. 05-723 (RWR)(D.D.C. June 6, 2005)(dkt. No. 12).[1] As the Court is aware, the Protective Order includes the following orders entered in the *In re Guantanamo Detainee Cases:*

1. The Amended Protective Order and Procedures for Counsel Access to Detainees at the United States naval Base in Guantanamo Bay, Cuba, first issued by Judge Green on November 8, 2004 (344 F.Supp.2d 174)(D.D.C. 2004)(Attached as Ex. A);

2. The Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2004 (attached as Ex. B); and

3. The Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004 (attached as Ex. C).

Respondents have recently confirmed that Petitioner Hussein (a/k/a Mubarak) is

---

[1] This Motion is made without prejudice to Petitioners' right to seek modification of any particular terms in the Protective Order in the future.

MOTION FOR EXPEDITED ENTRY
OF THE PROTECTIVE ORDER- 2

detained by the United States at the Guantanamo Bay Naval Station ("Guantanamo"). *See* letter to Gitaanjali S. Guiterrez from Mr. Hussein dated February 2, 2006 (attached as Exhibit A). Upon information and belief, Petitioner Hussein(a/k/a Mubarak) has been virtually *incommunicado* at Guantanamo for over four years. Petitioners initiated the instant proceeding by filing a Petition for Writ of *Habeas Corpusl* on December 23, 2005. As set forth in that application, Petitioners allege that the imprisonment of Petitioner Hussein (a/k/a Mubarak) at Guantanamo is unlawful and violates his fundamental rights to due process as protected by the United States Constitution, as well as the Alien tort Claims Act, the Third and Fourth Geneva Conventions, United States military law, and customary international law. *See* Petition (dkt. No. 1).

Petitioners seek to avail themselves of the jurisdiction of this Court as confirmed in *Rasul v. Bush*, 542 U.S. 466 (2004). Until the Protective Order is entered, however, the Government will not allow privileged communications between undersigned counsel and Petitioner Hussein (a/k/a/ Mubarak) and will not allow undersigned counsel to meet with Petitioner Hussein (a/k/a Mubarak) at Guantanamo. *See In re Guantanamo Detainee Cases*, 344 F.Supp. 2d 174, 184 (D.D.C. 2004))"[t]o have access to the detainee, counsel must agree to comply fully with these procedures [the Protective Order] and must sign and affirmation acknowledging his/her agreement to comply with them.")Counsel for Respondents has not given consent to the entry of the protective order relying upon the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat.2680

(2005)(hereinafter "DTA"), to argue that this court no longer has jurisdiction over this action.

The DTA is irrelevant to this motion. Addressing this same issue, Magistrate Judge Kay held that the "question of when, and under what circumstances on the existing Protective Order permits [Petitioner] to meet with his lawyer has no bearing on the question of which Court has jurisdiction to review the merits of Petitioner's challenge to his detention." *Adem v. Bush*, No. 05-723 (RWR) (AK), Mem. Op. at 22 (D.D.C. Mar. 21, 2006) (dkt no. 36). Moreover, while entry of the Protective Order will not impact the ultimate disposition of Petitioners' substantive claims or prejudice Respondents in any way, forcing Petitioners to await the higher courts' determination of the applicability of the DTA[2] will delay by several months any contact between Petitioner Hussein (a/k/a Mubarak) and his counsel, "render[ing] his right to counsel meaningless."*See id.* At 22 n.25.

Several judges of this Court have entered the Protective Order since the enactment of the DTA. *See, e.g., Thabid v. Bush,* No. 05-2398 (ESH), Min. Order (D.D.C. Mar. 21, 2006); *Razakah v Bush*, No. 05-2370 (EGS), Min. Order (D.D.C. Mar. 17, 2006); *Wahab v. Bush,* No. 05-886 (EGS), Min. Order (D.D.C. Mar. 17, 2006). Furthermore, Respondents have not relied upon the DTA to seek revocation of the Protective Order in the dozens of Guantanamo detainee cases in which

---

[2] On March 28, 2006, the Supreme Court of the United States heard oral argument on, *inter alia*, the applicability of the DTA to currently pending Guantanamo detainee habeas petitions. The applicability of the DTA to currently pending Guantanamo detainee habeas petitions was also argued before the Court of appeals for the District of Columbia on

judges of this Court have already entered the Protective Order. In those cases, the attorneys continue to communicate with and visit their clients at Guantanamo. Respondents' opposition to entry of the Protective Order here is without merit and plainly arbitrary.

Entry of the Protective Order will ensure that undersigned counsel can meet and communicate with Petitioner Hussein (a/k/a Mubarak) with the appropriate assurances of confidentiality and privilege. Accordingly, Petitioners respectfully request that the Protective Order be entered in this instant case forthwith.

WHEREFORE, the foregoing reasons and for any other reason that may become known to the Court, the motion should be granted.

Dated: April 26, 2006.

Respectfully submitted this 26 day of April, 2006

Zulauf & Chambliss

_____
By Jon R. Zulauf WSBA#6936
Counsel For Mubark Hussein

Zulauf & Chambliss
1809 Seventh Avenue Suite 1301
Seattle, Washington 98101

Tel: (206) 682-1114
Fax: (206) 343-5015

## Certificate of Service

I hereby certify that a true and correct copy of the Motion for Expedited Entry of the Protective Order was served upon the following person via first-class mail and e-mail on this ____ day of April, 2006.

_____
Jon R. Zulauf, Counsel for Mubark Hussein

Terry Marcus Henry

Department of Justice
Civil Division – Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington DC 20530
Email: marcus.terry@usdoj.gov

**Certification of Representation Without Compensation**

Counsel for Petitioners certify, pursuant to L. CV. R. 83.2(g) that they are representing Petitioners without compensation.

_____
Jon R. Zulauf, Counsel for Mubark Hussein

# EXHIBIT A

MOHAMMAD MUBARAK,
ISN # 151,
CAMP DELTA,
US NAVAL STATION,
GUANTANAMO BAY, CUBA.
02/02/06.

GITANJALI GUTIERREZ,
ATTORNEY,
CENTER FOR CONSTITUTIONAL RIGHTS,
666 BROADWAY, 7TH FLOOR,
NEW YORK, NY 10012.

RE: REQUEST FOR ATTORNEY.

Dear Gita,

I received your letter which you sent through the attorneys representing Yousif Al-Shehri (WEINBERG & GARBER, P.C.). This is a reply to confirm my desire to have you as my attorney, challenging the illegality of my detention.

I am of Bangladeshi Nationality. I've been detained here in Guantanamo for the last four years. I speak Urdu & Bangladeshi.

Please send any further correspondence in Urdu.

Yours gratefully,

MOHAMMAD MUBARAK.