**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| MUBARK HUSSEIN, et al., | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 05-2467 (PLF) |
| GEORGE W. BUSH, President of the United States, et al., | ) ) ) ) ) | |
| Respondents. | ) ) | |

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO**
**PETITIONERS' MOTION FOR ENTRY OF PROTECTIVE ORDER**

Respondents hereby respectfully submit this memorandum in opposition to petitioners' motions seeking entry of the protective order in this case (dkt. nos. 5 & 6) ("Pets' Mots.").[1]

On December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), became law. The Act, among other things, amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba. Section 1005(e)(1) of the Act amends 28 U.S.C. § 2241 to provide that "no court, justice, or judge shall have jurisdiction" to consider either (1) habeas petitions filed by aliens detained by the Department of Defense at Guantanamo, or (2) any other action relating to any aspect of the detention of such aliens. In addition, the Act creates an exclusive review mechanism in the D.C.

---

[1] On May 5, 2006, petitioners filed a Motion for Expedited Entry of the Protective Order (dkt no. 5). On May 17, 2006, petitioners filed the same motion again, but the filing was titled in the Court's ECF docket as Amended Motion to Expedite with Attached Proposed Order (dkt. no. 6). Respondents oppose both motions herein.

Circuit to address the validity of the detention of such aliens held as enemy combatants; section 1005(e)(2) of the Act states that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," and it further specifies the scope and intensiveness of that review. Section 1005(e)(1), which eliminates the jurisdiction of the courts to consider habeas and other actions brought by Guantanamo detainees, was made immediately effective without reservation for pending cases, and section 1005(e)(2), which establishes the exclusive review mechanism in the D.C. Circuit, was made expressly applicable to pending cases. Id. § 1005(h). In light of the statutory withdrawal of this Court's jurisdiction, and the creation of an exclusive review mechanism in the D.C. Circuit, the Court has no jurisdictional basis to order the relief requested by petitioners.

The effect of the Act was addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit,[2] and our understanding is that it is the sense of the Court that it wishes to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before deciding any pending motions. In light of this and given the new, statutory withdrawal of the Court's jurisdiction, at a minimum a stay of all proceedings in this case, including with respect to petitioners' request for relief, is appropriate pending the resolution of the effect of the Act.[3] Indeed, because the Act vests "exclusive" jurisdiction in the D.C. Circuit

---

[2] Oral argument before the D.C. Circuit was held on March 22, 2006.

[3] In this vein, four other Judges of the Court have recently entered orders in Guantanamo detainee habeas cases pending before them denying without prejudice or holding in abeyance all pending motions and staying "all action" in the cases pending resolution of the effect of the Act. See January 11, 2006 Order in Gherebi v. Bush, No. 04-CV-1164 (RBW), et al.; January 27, 2006 Order in Begg v. Bush, No. 04-CV-1137 (RMC), et al.; March 16, 2006 Order in Anam v.

"to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," id. § 1005(e)(1), it would be inappropriate for the Court to order relief in the interim that might infringe upon the Court of Appeals' exclusive jurisdiction.  See Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals).[4]

In support of their position, petitioners rely on Magistrate Judge Kay's March 21, 2006 Memorandum Opinion and Order, see 2006 WL 751309 (D.D.C. Mar. 21, 2006), and Judge Roberts's April 28, 2006 Memorandum Opinion and Order, see 2006 WL 1193853 (D.D.C. Apr. 28, 2006) in Adem v. Bush, No. 05-CV-0723 (RWR).  The interpretation of the Protective Order set forth in these opinions raises significant jurisdictional issues – issues relating to the effect of the Detainee Treatment Act of 2005 as well as grave jurisdictional issues independent of the Act.

---

Bush, No. 04-CV-1194 (HHK), et al.; March 31, 2006 Order in Ahmed Doe v. Bush, No. 05-CV-1458 (ESH), et al.

[4] Respondents previously intended to file a motion to dismiss this case based upon the Act's withdrawal of the Court's jurisdiction, see Notice of Supplemental Authority (dkt. no. 3), but refrained from doing so when they were informed that the sense of the Court was to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before proceeding further in the Guantanamo habeas cases.  During this interim period, respondents have permitted counsel visits and other privileged access to properly represented detainees in cases where the Protective Order had already been entered, and its requirements satisfied, pending a decision from the D.C. Circuit.  Once the Act's withdrawal of the Court's jurisdiction became effective, however, respondents have consistently opposed entry of the Protective Order in cases where it had not already been entered.  In any event, respondents' actions in other Guantanamo habeas cases cannot be construed as a waiver or concession of jurisdiction that permits the Court to enter the Protective Order in this case.  See Floyd v. District of Columbia, 129 F.3d 152, 155 (D.C. Cir. 1997) (noting that "jurisdiction cannot be waived").

Respondents addressed these serious questions in Respondents' Motion for Stay and Reconsideration of Magistrate Judge's Order and Opinion Docketed on March 21, 2006, which is attached and is incorporated herein.  See Adem v. Bush, No. 05-CV-0723 (RWR) (dkt. no. 38) (attached, with motion exhibits 3-5, as Exhibit A).  Respondents are presently considering their options regarding appeal or mandamus of the Court's decision in Adem.  Given the serious jurisdictional questions raised in this decision, which remain unresolved, and for the reasons set forth in Exhibit A attached hereto and incorporated herein, this Court should not apply the interpretation of the Protective Order set forth in Adem to this case.

Furthermore, to the extent petitioners' counsel relies upon the Protective Order to provide counsel a right to a meeting with a detainee (an interpretation with which respondents do not agree, see supra), this reflects that in entering the Protective Order, the Court would be asserting jurisdiction and authority in the case inconsistent with the Detainee Treatment Act's withdrawal of habeas jurisdiction of this Court and investment of exclusive jurisdiction in the Court of Appeals.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause."); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").  Thus, entry of the Protective Order is not a matter independent of the jurisdictional question pending before the Court of Appeals.[5]

---

[5] Respondents reserve the right to challenge the jurisdictional basis for the habeas petition in this case due to lack of proper next friend standing.  The petition for writ of habeas corpus as filed was not directly authorized by the detainee at Guantanamo Bay for whom habeas relief is sought, but instead was brought by another detainee claiming to act as his "next friend."  The putative "next friend" detainee, Abdul-Salam Gaithan Mureef Al-Shihry, bears the burden

\* \* \*

For these reasons, petitioners' motion for entry of the protective order should be denied.

Dated: May 19, 2006                                    Respectfully submitted,

                                                                     PETER D. KEISLER
                                                                     Assistant Attorney General

                                                                     DOUGLAS N. LETTER
                                                                     Terrorism Litigation Counsel

                                                                         /s/ Andrew I. Warden
                                                                     JOSEPH H. HUNT (D.C. Bar No. 431134)
                                                                     VINCENT M. GARVEY (D.C. Bar No. 127191)
                                                                     TERRY M. HENRY
                                                                     JAMES J. SCHWARTZ
                                                                     PREEYA M. NORONHA
                                                                     ROBERT J. KATERBERG
                                                                     NICHOLAS J. PATTERSON
                                                                     ANDREW I. WARDEN (IN Bar No. 23840-49)
                                                                     EDWARD H. WHITE
                                                                     MARC A. PEREZ
                                                                     Attorneys
                                                                     United States Department of Justice
                                                                     Civil Division, Federal Programs Branch
                                                                     20 Massachusetts Ave., N.W.
                                                                     Washington, DC  20530
                                                                     Tel:  (202) 514-4107
                                                                     Fax:  (202) 616-8470

                                                                     Attorneys for Respondents

---

of establishing his next friend status and justifying the exercise of the Court's jurisdiction over this action.  See Whitmore v. Arkansas, 495 U.S. 149 (1990).  While the letter attached as Exhibit A to petitioners' motions purports to constitute direct authorization of the petition by the detainee seeking habeas relief, a question exists regarding the authenticity of the letter, particularly given the fact that it is written in English but the letter states that the detainee speaks (only) Bangladeshi and Urdu and requests that all future correspondence be written in the Urdu language.  Indeed, it appears that someone other than the detainee seeking habeas relief authored and signed the letter, thus calling into question the legitimacy of the letter, absent further explanation from petitioners' counsel as to the circumstances surrounding the drafting of the letter.